IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 13-00884 HG-01 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| RAUL BALBOA GARCIA, also known | ) | |
| as KIMO GARCIA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**ORDER GRANTING DEFENDANT RAUL BALBOA GARCIA'S MOTION FOR REDUCTION OF SENTENCE (ECF No. 18)**

Defendant is currently incarcerated at Federal Correctional Institute Big Spring in Texas with a projected release date of January 23, 2022.

Defendant has filed a Motion seeking immediate release pursuant to the First Step Act, 18 U.S.C. § 3582(c)(1)(A). Defendant seeks release due to the COVID-19 pandemic.  He alleges that his medical conditions, including congestive heart failure, chronic obstructive pulmonary disease, and asthma place him at high risk of serious illness if he should contract the virus.

The Government opposes Defendant's Motion.

The Court elects to decide the matter without a hearing pursuant to District of Hawaii Local Rule 7.1(c).

Considering the totality of the circumstances, the Court finds that Defendant's release is appropriate.  The sentencing factors set forth in 18 U.S.C. § 3553(a) support Defendant's

1

release.  Defendant is 66 years old and has only 18 months left
to serve on his 120-month sentence.  Defendant's medical records
indicate that he has a history of medical conditions related to
his heart, lungs, and back.  The records indicate Defendant had
at least one previous heart attack and continues to suffer from
hypertension and congestive heart failure.  Defendant is
currently diagnosed with chronic obstructive pulmonary disease
(COPD), chronic obstructive asthma, and suffers from shortness of
breath.  The records indicate Defendant has pinched nerves and
slipped discs in his back that require him to utilize a walker.
On June 26, 2020, Defendant suffered another heart attack while
incarcerated.

Defendant's MOTION FOR REDUCTION OF SENTENCE (ECF No. 18) is
**GRANTED**.

## PROCEDURAL HISTORY

On September 25, 2013, the Government filed an Information
charging Defendant Garcia with one Count of Conspiracy to
Distribute 50 Grams Or More Of Methamphetamine in violation of 21
U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846.  (ECF No. 1).

On September 26, 2013, Defendant Garcia pled guilty,
pursuant to a plea agreement, to the one Count in the
Information.  (ECF Nos. 3-7, 9).

On February 4, 2014, the Court held a sentencing hearing.
(ECF No. 15).  The Court accepted the Parties' Memorandum of Plea
Agreement that provided for an agreed-upon sentence of 120 months

imprisonment pursuant to Fed. R. Crim. P. 11(c)(1)(C).  (ECF No. 16).

The Court imposed a sentence of 120 months imprisonment, followed by 5 years of supervised release.  (Id.)

On May 26, 2020, Defendant filed MOTION FOR REDUCTION OF SENTENCE.  (ECF No. 18).

On May 27, 2020, the Court issued a briefing schedule.  (ECF No. 19).

On June 8, 2020, the Government filed a MOTION TO SEAL. (ECF No. 21).

On June 9, 2020, the Court denied the Government's Motion to Seal.  (ECF No. 22).

Also on June 9, 2020, the Government filed a Second Motion to Seal.  (ECF No. 23).

The Government also filed its Response to Defendant's Motion.  (ECF No. 24).

On June 10, 2020, the Court granted the Government's Second Motion to Seal.  (ECF No. 25).

On June 12, 2020, Defendant filed his Reply.  (ECF No. 27).

On June 29, 2020, Defendant filed a Notice of Supplemental Factual Information.  (ECF No. 28).

The Court elects to decide the matter without a hearing pursuant to District of Hawaii Local Rule 7.1(c).

## STANDARD OF REVIEW

A judgment of conviction that includes a sentence of imprisonment constitutes a final judgment and may not be modified by a district court except in limited circumstances.  Dillon v. United States, 560 U.S. 817, 824-25 (2010).

On December 21, 2018, Congress passed the First Step Act of 2018.  PL 115-391, December 21, 2018, 132 Stat. 5194.  The First Step Act amended 18 U.S.C. § 3582(c), the statute governing the limited circumstances under which the trial court may evaluate a motion for reduction of sentence.

The First Step Act altered the statute in Section 3582(c)(1)(A) to allow a defendant to request the trial court reduce his sentence through a motion for compassionate release, but the statute requires the defendant to first present his request for release to the Bureau of Prisons.  18 U.S.C. § 3582(c)(1)(A).

## ANALYSIS

18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018, provides, in pertinent part:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment...after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

4

> (i)   extraordinary and compelling reasons warrant
>        such a reduction;
>
> ...
>        and that such a reduction is consistent with
>        applicable policy statements issued by the
>        Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

## A.   Mandatory Procedural Requirement

The statute allows the Court to consider a defendant's request for compassionate release only after the defendant has first presented his request to the Bureau of Prisons.  In order to file a motion for compassionate release directly with the court, defendant must have either:

> (1)   "fully exhausted all administrative rights" with the
>        Bureau of Prisons; or,
>
> (2)   filed his motion with the court after "the lapse of 30
>        days from the receipt of such a request by the warden
>        of the defendant's facility, whichever is earlier."

18 U.S.C. § 3582(c)(1)(A); United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020).

The requirement that a defendant first file a request for compassionate release with the BOP or the warden of the defendant's facility is a mandatory rule.  United States v. Alam,     F.3d    , 2020 WL 2845694, *1-*3 (6th Cir. June 2, 2020).  The defendant must either "fully exhaust" his request before the BOP or wait 30 days from the date of filing his request with the warden before the Court may consider a request for compassionate release.  See United States v. Haney,     F.Supp.3d    , 2020 WL

5

1821988, *3 (S.D.N.Y Apr. 13, 2020) (explaining the statute "requires the defendant either to exhaust administrative remedies or simply to wait 30 days after serving his petition on the warden of his facility before filing a motion in court").

On April 27, 2020, Defendant submitted a request for compassionate release to the warden of FCI Big Spring.

On May 26, 2020, Defendant filed his Motion for Compassionate Release.

The Government argues that this Court lacks subject-matter jurisdiction to consider Defendant's Motion because only 29 days had lapsed between the time Defendant submitted his request to the warden to when Defendant filed his Motion with the Court.

The Government concedes, however, that the warden did not respond to Defendant's Motion within 30 days and still has not responded to Defendant's Motion.

Numerous courts have rejected the Government's argument that the procedural requirement in 3582(c)(1)(A) is jurisdictional. See Alam, 2020 WL 2845694 at *1-*3 (the Sixth Circuit Court of Appeals held that a prisoner's failure to comply with Section 3582(c)(1)(A)'s filing prerequisites does not deprive the court of subject-matter jurisdiction over the motion); United States v. Connell,    F.Supp.3d   , 2020 WL 2315858, *3 (N.D. Cal. May 8, 2020) (finding Section 3582(c)(1)(A)'s exhaustion provision is not jurisdictional).

This Court agrees and finds that the procedural requirement

6

in Section 3582(c)(1)(A) is not jurisdictional, but it is a
mandatory filing prerequisite.  United States v. Arciero, Crim.
No. 13-001036SOM, 2020 WL 3037073, *5 (D. Haw. June 5, 2020)
(explaining that Section 3582(c)(1)(A) is a mandatory claim-
processing rule, not a jurisdictional rule); see Fort Bend Cty.,
Texas v. Davis, 139 S.Ct. 1843, 1852 (2019) (finding requirement
for exhaustion of administrative remedies before the agency is
"mandatory" and nonjurisdictional).

More than thirty days have lapsed since the Defendant
submitted his request to the warden.  The 30-day lapse allows the
Court to consider Defendant's Motion pursuant to 18 U.S.C. §
3582(c)(1)(A).  Haney, 2020 WL 1821988, at *3.

## B.   Merits Of Defendant's Request For Compassionate Release

If a defendant has complied with the mandatory procedural
requirement set forth in 18 U.S.C. § 3582(c)(1)(A), the District
Court may reduce a term of imprisonment, including the grant of
compassionate release, upon finding "extraordinary and compelling
reasons" consistent with applicable policy statements of the
Sentencing Commission.

The Sentencing Commission's policy statement is provided in
United States Sentencing Guidelines § 1B1.13:

> [T]he court may reduce a term of imprisonment (and may
> impose a term of supervised release with or without
> conditions that does not exceed the unserved portion of
> the original term of imprisonment) if, after
> considering the factors set forth in 18 U.S.C. §
> 3553(a), to the extent that they are applicable, the

7

court determines that—

      (1)(A)      Extraordinary and compelling reasons warrant the reduction; or

         (B)      The defendant (i) is at least 70 years old; and (ii) has served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559(c) for the offense or offenses for which the defendant is imprisoned;

      (2)      The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and

      (3)      The reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13.

Defendant is not 70 years of age and was not sentenced pursuant to 18 U.S.C. § 3559(c).  Defendant is only entitled to relief if he demonstrates:

      (1)  extraordinary and compelling reasons warrant a sentence reduction;

      (2)  he is not a danger to the safety of others or the community, and,

      (3)  any requested reduction is consistent with the policy statement.

United States v. Gill, 2020 WL 2084810, *2 (E.D. Cal. Apr. 30, 2020).

## 1.    Extraordinary And Compelling Reasons Are Required To Warrant Sentence Reduction

The Sentencing Commission's application note for Guideline § 1B1.13 provides the definition of "extraordinary and compelling reasons."  The Court agrees with the majority of the district

8

courts in the Ninth Circuit that have concluded that Section 1B1.13 and its definition of "extraordinary and compelling reasons" applies to motions for compassionate release even though the sentencing guideline was not separately amended following the passage of the First Step Act.  See Riley v. United States, 2020 WL 1819838, *8 (W.D. Wash. Apr. 10, 2020) (collecting cases); United States v. Shields, 2019 WL 2359231, *4 (N.D. Cal. June 4, 2019).

Section 1B1.13 explains that extraordinary and compelling reasons exist when:

   (A)  **Medical Condition of the Defendant.**—

      (i)  The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory).  A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required.  Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

      (ii) The defendant is—

         (I)      suffering from a serious physical or medical condition,

         (II)     suffering from a serious functional or cognitive impairment, or

         (III)   experiencing deteriorating physical or mental health because of the aging process,

      that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

   (B)  **Age of the Defendant.**—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration

in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(C) **Family Circumstances.**–
   (i)  The death or incapacitation of the caregiver of the defendant's minor child or minor children.

   (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

(D) **Other Reasons.**—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13 cmt. n.1.

Defendant is 66 years old.  He is suffering from serious medical conditions that warrant reduction in his sentence. Defendant has been diagnosed with a number of serious ailments that affect Defendant's heart and respiratory system.  (Motion at p. 2, ECF No. 18).  Defendant is also suffering from illnesses affecting his back and spine that require him to use a walker to mobilize.  (Id.)

Defendant's heart-related issues include hypertension, chronic congestive heart failure, and vertigo/dizziness brought on by a slow heart rate.  (Def.'s BOP Medical Records, attached as Exhibit 1 to Gov't Opp. at pp. 61, 98, 122, ECF No. 26).

Defendant's hypertension was first diagnosed in June 2013 and is listed as current.  (Id. at pp. 98, 122).  The records reflect that Defendant has a history of heart pain and had either angina (heart pain) or a myocardial infarction (heart attack) in

10

1995.  (Id. at pp. 9, 123).

On June 29, 2020, the Defendant filed a Supplemental Brief stating that Defendant Garcia suffered a heart attack on Friday, June 26, 2020, while in the "medical line."  (Supplemental Brief at p. 1, ECF No. 28).  Defendant was transported to a hospital near FCI Big Spring.  (Id.)

Defendant has been prescribed the following medications to treat his heart-related medical problems:

1.  Atorvastatin to treat high cholesterol (5/10/2020 - Present (11/6/2020)).  (BOP Medical Records at p. 114, ECF No. 26).

2.  Furosemide to treat congestive heart failure and hypertension (5/14/2019 - Present (9/6/2020)).  (Id. at pp. 115-16).

3.  Metoprolol Tartrate to treat hypertension and angina/chest pain (5/14/2019 - Present (9/6/2020)).  (Id. at pp. 118-19).

4.  Nitroglycerin to treat angina/chest pain (11/7/2019 - 5/9/2020).  (Id. at pp. 119-20).

5.  amLODIPine to treat hypertension and angina/chest pain (5/14/2019 - Present (9/6/2020)).  (Id. at p. 113).

Defendant also suffers from a number of respiratory illnesses.  The medical records indicate Defendant has chronic constructive asthma, chronic obstructive pulmonary disease ("COPD"), and a history of shortness of breath.  (Id. at pp. 68, 122-24).

Defendant's chronic constructive asthma was first diagnosed in August 2013 and is listed as current.  (Id. at pp. 17, 30, 98, 100).  Defendant's COPD diagnosis is first referenced on September 10, 2019 and is current. (Id. at pp. 9, 43, 68, 124,

169).

The records indicate Defendant had bronchitis in both March 2016 and October 2019.  (Id. at pp. 34-36, 99, 122-24).  Defendant also had pneumonia in October 2019.  (Id. at pp. 40, 78, 122-23).  Defendant is listed as being in remission from both ailments.

Defendant has been prescribed the following medications to treat his respiratory medical problems:

1.   Ipratropium to treat COPD (5/14/2019 - Present (9/6/2020)).  (Id. at pp. 116-17).

2.   Mometasone Furoate Inhal to treat asthma (5/14/2019 - Present (9/6/2020)).  (Id. at p. 119).

3.   Albuterol inhaler to treat asthma and COPD (5/14/2019 - 4/3/2020).  (Id. at pp. 113-14).

Defendant's back-related medical issues include lower back pain, spondylolisthesis, cervical disc disorder, retrolisthesis, and spinal/canal stenosis.  (Id. at pp. 26, 98-99, 110, 122).  Defendant's medical records indicate that his spondylolisthesis, cervical disc disorder, and retrolisthesis are painful conditions that involve slipped or dislocated discs/vertebrae.

BOP assigned Defendant a cane in June 2014 and a walker in April 2019.  (Id. at pp. 90, 110).

Defendant has received the following treatment for his back-related medical problems:

1.   4-wheel walker (4/25/2019 - Present).  (Id. at pp. 90, 110).

2.   Cane (6/9/2014 - Present).  (Id. at pp. 90, 110).

3.   Aspirin (5/14/2019 - Present (9/6/2020)).  (Id. at p.

12

114).

4.   Ibuprofen (5/14/2019 - Present (9/6/2020)).   (<u>Id.</u> at p. 116).

5.   Naproxen to treat pain and muscle aches (4/24/2020 - 6/28/2020).   (<u>Id.</u> at p. 119).

6.   As of March 10, 2020, he is restricted from all sports and limited to sedentary work only.   (<u>Id.</u> at p. 110-12).

Defendant's medical records indicate he also suffers from glaucoma, chronic hepatitis-C, and periodic bouts of scabies. (<u>Id.</u> at pp. 16, 69, 78, 100, 122).   Defendant's glaucoma is listed as being "high risk" with blindness a potential outcome if he does not receive the proper treatment.   (<u>Id.</u> at pp. 16, 157).

Defendant's recent heart attack, current hospitalization, and numerous chronic illnesses demonstrate that extraordinary and compelling reasons exist warranting a reduction in sentence. Defendant is experiencing deteriorating physical health that substantially diminishes the ability of Defendant to provide self-care within the environment of a correctional facility and from which he is not expected to recover.   U.S.S.G. § 1B1.13 cmt. n.1 (A)(ii)(III).

## 2.   Release Is Not Available If Defendant Poses A Danger To The Safety Of Others And The Community

In order to be eligible for compassionate release, Defendant must establish release is appropriate pursuant to the factors set forth in 18 U.S.C. § 3553(a) and that he is not a danger to the safety of others or the community.   18 U.S.C. § 3582(c)(1)(A);

U.S.S.G. § 1B1.13(2).

The Section 3553(a) sentencing factors weigh in favor of a reduced sentence.  The Section 3553(a) factors include the nature and circumstances of the offense, the history and characteristics of the defendant, and the need for the sentence imposed.

Defendant has served the majority of his 120-month sentence, with only approximately 18 months left to serve.  There is no indication that Defendant has a history of misconduct while incarcerated.  Defendant has a long and serious criminal history, however, his most serious offenses occurred more than 30 years ago.  Defendant's advanced age and serious, chronic medical conditions demonstrate that he is not likely to pose a danger to the community.  Defendant has served the majority of his current term of imprisonment and further imprisonment is not appropriate given the current serious medical condition of the Defendant and the dangers posed to his health given the current COVID-19 pandemic.

<u>**CONCLUSION**</u>

Defendant's Motion For Reduction Of Sentence (ECF No. 18) is **GRANTED** to the extent that Defendant's term of imprisonment is reduced to **TIME SERVED PLUS 15 DAYS.**

During the final 15-day period, Garcia **SHALL** be quarantined to reduce the possibility that he might be infected and might transmit the COVID-19 virus, especially when traveling to his

14

release residence in Huntington Beach, California.

Defendant **SHALL** be released after the 15-day period from BOP custody to begin his five-year period of supervised release.

Defendant Garcia **SHALL** abide by all of the mandatory, standard, and special conditions of supervised release previously imposed.

Defendant is **HEREBY ORDERED** to report by telephone (808-541-1353) to the United States Probation Office, District of Hawaii, within 72 hours of his release from BOP custody.

IT IS SO ORDERED.

Dated: June 30, 2020, Honolulu, Hawaii.

Helen Gillmor
United States District Judge

United States v. Raul Balboa Garcia, also known as Kimo Garcia, Crim. No. 13-00884 HG-01; **ORDER GRANTING DEFENDANT RAUL BALBOA GARCIA'S MOTION FOR REDUCTION OF SENTENCE (ECF No. 18)**